IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONESHA SMITH, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 2021-cv-02025 |
| v. ) ) | |
| SIGNATURE SYSTEMS, INC., ) ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant, Signature Systems, Inc., pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, notifies this Court that the above-captioned cause has been removed from the Circuit Court of Cook County, Illinois, Chancery Department, to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

On March 10, 2021, Plaintiff Ronesha Smith ("Plaintiff") filed a putative Class Action Complaint alleging that Signature Systems violated Sections 15(a) and (b) of the Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15 by "actively collecting, storing, and using – without notice, obtaining informed written consent or publishing data retention policies – the fingerprint and associated personally identifying information of thousands of Illinois residents employed by [its] clients." (Compl., ¶ 4). A copy of Plaintiff's Complaint and Summons served on Signature Systems, Inc. is attached as Exhibit A.

Signature Served was personally served on March 15, 2021. (Exhibit B., Kopil Decl., ¶ 2). Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

In addition to the Summons and Complaint, the only other pleading, order, or motion served on Signature Systems is Plaintiff's Motion for Class Certification, a copy of which is attached as Exhibit C.

Pursuant to 28 U.S.C. § 1446(d), Signature Systems, Inc. will provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

Signature Systems, Inc. submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

### I. REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), because this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.

#### A. Plaintiff and Defendant are Citizens From Different States

For diversity purposes, an individual is a citizen of her place of domicile. *See 24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, 08 CV 3853, 2008 U.S. Dist. LEXIS 84374, at * 9-11 (N.D. Ill. Oct. 21, 2008). Defendant is informed and believes that Plaintiff is a resident of Cook County, Illinois as Plaintiff alleges that during all relevant times, she has been a resident and citizen of Chicago. (Compl., ¶ 7). The place where a person lives is *prima facie* evidence of his domicile. *See Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986); *Anderson v. Watts,* 138 U.S. 694, 706 (1891); *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011) (per curiam); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice

and Procedure § 3612 & nn. 32-33 (3d ed. 2013). As such, for diversity purposes, Plaintiff is a citizen of the State of Illinois.

A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In *Hertz v. Friend,* 130 S. Ct. 1181, 1192 (2010), the United States Supreme Court held that a corporation's "principal place of business" for determining its citizenship for diversity purposes is its "nerve center," *i.e.,* "where a corporation's officers direct, control, and coordinate the corporation's activities." At the time that this lawsuit was filed continuing until the date that this Notice of Removal is filed, Signature Systems has been and is still incorporated in the Commonwealth of Pennsylvania and has its principal place of business in Warminster, Pennsylvania. (Compl., ¶ 8; Kopil Decl., Exhibit B, ¶ 6). Signature Systems' directors and officers direct, coordinate, and control the corporation's activities from its offices in Warminster, Pennsylvania. (*Id*., at ¶¶ 6-7). None are based in Illinois. (*Id*., at ¶ 7).

### B. The Amount in Controversy Exceeds $75,000

When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim." *Id.*; *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

Plaintiff alleges that Bimbo's BIPA violations were "intentional or reckless," thereby seeking a statutory penalty of up to $5,000 for each "violation." (Compl., ¶ 40, prayer for relief (C)). The amount in controversy exceeds $75,000 because Plaintiff alleges that she used the

3

biometric time clock at issue in this lawsuit on a daily basis to clock in and out of work during the entire approximate three-month duration of her employment at Signature Systems, Inc.'s client. (Compl., ¶¶ 18, 20). Based on this approach,[1] even the most conservative estimate would have Plaintiff clocking in and out far in excess of the 16 times necessary to exceed the jurisdictional amount-in-controversy threshold (*i.e.*, 16 x $5,000 = $80,000) over her three months of employment.

## II. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

Alternatively, this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### A. This Matter is a Class Action Under CAFA.

Plaintiff purports to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et seq*. (Compl., ¶¶ 26-30.) Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B). The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the class cannot be determined until discovery, the aggregate putative class size according to Plaintiff's allegations is "at least hundreds and possibly thousands of persons." (Compl., at ¶ 27).

### B. The Minimal Diversity Requirement is Met.

---

[1] Signature Systems, Inc. does not concede that this is the proper measure of damages under BIPA, merely that Plaintiff includes this allegation in the Complaint.

Minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) where Plaintiff is an Illinois citizen and Signature Systems, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl., ¶ 8; Kopil Decl., ¶¶ 6-7). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

    C.    **The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.**

The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

Signature Systems, Inc.'s burden to demonstrate the amount in controversy is low and it need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

Signature Systems, Inc. denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, that Plaintiff is entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000. Plaintiff alleges "intentional or reckless" violations of BIPA, (Compl., ¶ 40), which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges at

5

least two separate BIPA "violations," - - Section 15(a) and Section 15(b), which occurred "each time she clocked in for work and clocked out of work." (Compl., ¶ 20). Thus, based purely on the Complaint's allegations (which Signature Systems, Inc. denies), if each class member is entitled to recover for only two days of work (two times clocking in and two time clocking out) [2], which is four "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 300 class members x $5,000 statutory damages x 4 violations = $6,000,000). *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

### III. ARTICLE III STANDING EXISTS IN THIS COURT

This case can proceed before this Court under Article III of the U.S. Constitution where Plaintiff alleges that Defendant's failure to comply with all three requirements of Section 15(b) "[b]y collecting [her] unique biometric identifiers or biometric information without her consent, written or otherwise" resulted in "Defendant invad[ing] Plaintiff's statutorily protected right to maintain control over her biometrics." (Compl., ¶ 24). In *Bryant v. Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), the Seventh Circuit held that the requirements for Article III standing are satisfied as to a Section 15(b) BIPA claim based on a plaintiff's deprivation of the ability to provide the informed consent Section 15(b) mandates. The court reasoned, "[t]his deprivation is a concrete injury-in-fact that is particularized to [plaintiff]." *Id*.

WHEREFORE, Defendant, Signature Systems, Inc., notifies this Court that this cause has been removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §§ 1441, 1446.

---

[2] Signature Systems, Inc. includes this amount in controversy based soley on Plaintiff's allegations and does not concede Plaintiff's allegations are correct.

Respectfully submitted,

**Signature Systems, Inc., Defendant**

By: /s/ Lisa Handler Ackerman
     One of its attorneys


Lisa Handler Ackerman
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 704-0550
(312) 704-1522-fax
lisa.ackerman@wilsonelser.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorney of record at:

| | |
|---|---|
| Mr. Carl V. Malmstrom<br>Wolf, Haldenstein, Adler, Freeman & Herz, LLC<br>111 West Jackson Boulevard, Suite 1700<br>Chicago, Illinois 60604<br>malmstrom@whafh.com | Frank S. Hedin<br>David W. Hall<br>Arun G. Ravindran<br>Hedin Hall LLP<br>1395 Brickell Avenue, Suite 1140<br>Miami, Florida 33131<br>fhedin@hedinhall.com<br>dhall@hedinhall.com |

via ❏ hand delivery, **X** electronic mail, ❏ overnight-next day delivery, and/or **X** depositing same in the US Mail at 55 West Monroe Street, Suite 3800, Chicago, IL, with proper postage prepaid, at or before the hour of 5:00 p.m., on this 14th day of April 2021.

By: <u>/s/Lisa Handler Ackerman</u>