# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Ronesha Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:21-cv-02025 |
| v. | ) | |
| | ) | |
| Signature Systems, Inc., | ) | **DEFENDANT DEMANDS TRIAL BY JURY** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Signature Systems, Inc., through its attorneys, for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

### NATURE OF ACTION.

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers [1] and biometric information [2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

**ANSWER:   Defendant admits that Plaintiff purports to bring this action as alleged but denies that Plaintiff is entitled to any damages, denies that Defendant engaged in any illegal actions, and denies that Defendant collected, stored or used Plaintiff's or any other individuals' biometrics.   Further answering, the allegation that Defendant violated BIPA is a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies same.**

---

[1] A "biometric identifier" is a personal feature unique to an individual, such as a fingerprint, handprint, iris scan, scan of face geometry, among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

2.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or others' sensitive information."  740 1LCS 14/5(c). For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."  *Id.*

**ANSWER:    The provisions of BIPA speak for themselves.  Defendant denies the allegations of Paragraph 2 to the extent they do not accurately recite the cited provisions of BIPA.**

3.    In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia,* that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see.id,;* (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.;* (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see. id.;* and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILC5 14/15(a).  Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information.  *Id.* 14/15(e). Finally the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics.  *Id.* 15/15(c).

**RESPONSE: The provisions of BIPA speak for themselves.  Defendant denies the allegations of Paragraph 3 to the extent they do not accurately recite the cited provisions of BIPA.**

2

4.      In direct violation of each of the foregoing provisions of §15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies — the fingerprint and associated personally identifying information of thousands of Illinois residents employed by Defendant's clients.  Initially collected from employees prior to or early on in their employment, employees' fingerprint are stored by Defendant in an electronic database and used to, *inter alia,* allow Defendant's clients' employees to clock in. and clock out of work.  Specifically, to allow its client's employees to clock in and clock out of work in Illinois and/or access point-of-sale sale systems, Defendant collects (via an electronic scanning device) the employee's fingerprint and stores the fingerprint in its fingerprint database along with credentials corresponding to that employee.  Then, when an employee places his or her fingerprint on one of Defendant's scanning devices to clock in and clock out of work and/or access a point-of-sale system, he or she is only granted access if the collected fingerprint matches a fingerprint stored in Defendant's database (which was collected during enrollment).

**RESPONSE: Defendant denies that it collects, stores, or uses its clients' employees' fingerprint, denies that it stores their fingerprints or associated credentials in a database, and denies that its clients' employees must match their fingerprint with that stored in its database in order grant access to work.  The remaining allegations of Paragraph 4 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.**

5.      If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes.  BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends.  Yet Defendant never adequately informed any of the Illinois residents whose

biometrics it collected and stored of Defendant's biometrics collection practices, never obtained written consent from any of these individuals regarding its biometric practices, and never provided any data retention or destruction policies to any of these individuals.

**ANSWER:** **Defendant denies that it has a database of digitized fingerprints and therefore denies that individuals to whom sensitive biometric identifiers belong could have their identities stolen or their financial or other highly personal information breached and used for nefarious purposes. The protections BIPA confers on Plaintiff and other similarly situated Illinois residents speak for themselves. Defendant denies the allegations of Paragraph 5 to the extent they do not accurately allege the protections conferred by BIPA. Defendant did not collect or store biometrics of Plaintiff or other Illinois residents and therefore denies that it needed to obtain written consent or data retention or destruction policies.**

6.      Plaintiff brings this action to prevent Defendant from further violating the rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action as alleged in Paragraph 6 but denies any basis to do so, denies any liability, and denies that Plaintiff is entitled to recover any statutory damages. Further answering, the allegations of Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.**

## PARTIES

7.      Plaintiff is, and has been at all relevant times, a resident and citizen of Chicago, Illinois.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 and therefore denies same.**

8.      Defendant is a corporation that maintains its headquarters in Warminster, Pennsylvania. Defendant is the owner, operator, and vendor of point-of-sale systems for commercial enterprises including restaurants, casinos, and other hospitality venues.

**ANSWER:** **Defendant admits that it is a corporation with its headquarters in Warminster, Pennsylvania. Defendant admits that it is a vendor of point-of-sale system to its clients, which include hospitality establishments. Defendant denies the allegations that it is an owner and operator of point-of-sale systems.**

4

## JURISDICTION AND VENUE

9.      The court has personal jurisdiction over Defendant because the fingerprints that give rise to this lawsuit were and still are (1) collected by Defendant at a facility in Cook County, Illinois, and (2) stored by Defendant at a facility in Cook County, Illinois, and (3) used by Defendant at facilities in Cook County, Illinois.

**ANSWER:      Defendant denies the allegations of Paragraph 9.**

10.      The Chancery Division is the appropriate venue for this action because it is a class action, and additionally, because it seeks declaratory and injunctive relief.

**ANSWER:      Defendant denies the allegations of Paragraph 10.  Further answering, see ECF Doc. No.  1.**

## FACTUAL BACKGROUND

### I.      Biometric information Privacy Act

11.      In 2008, Illinois enacted BIPA due to the "very serious need [for] protections the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  B1PA makes it unlawful for a company to, *inter alia,* "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information unless it first:

> (1)      informs the subject in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2)      informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3)      receives a release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

**ANSWER:      Illinois House Transcript, 2008 Reg. Sess. No. 276 and the cited provisions of BIPA speak for themselves.  Defendant denies the allegations of Paragraph 11 to the extent they do not accurately recite Illinois House Transcript, 2008 Reg. Sess. No. 276 and the cited provisions of BIPA.**

269273341v.1

12.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

**ANSWER**:    **The provisions of BIPA speaks for themselves.   Defendant denies the allegations of Paragraph 14 to the extent they do not accurately recite the cited provision of BIPA.**

13.     As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of 15(b) of BIPA.  Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates §15(a) of BIPA.

**ANSWER:**    **The allegations of Paragraph 13 call for a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies same.**

## II.     Defendant Violates Illinois Biometric Information Privacy Act

14.     Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its client's employees' fingerprints during the initial process of enrolling these individuals in its database of fingerprints in Illinois, as well as where  employees clock in and clock out of work and/or attempt to access a point-of-sale system at one of Defendant's clients' Illinois-based locations where Defendant's biometrics technology is used — all without ever informing anyone of this practice in writing.

6

269273341v.1

**ANSWER:** Defendant denies that it scans, collects and stores its clients' employees' fingerprints or digital copies of its clients' fingerprints in the manner alleged or otherwise and denies the allegations of Paragraph 14. Further answering, the allegations of Paragraph 14 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

15.     In direct violation of §§ 15(b)(2) and 15(b)(3) of B1PA, Defendant never informed Illinois residents who had their fingerprints collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

**ANSWER:** Defendant denies that it collected, stored or used fingerprints of Illinois residents. Further answering, the allegations of Paragraph 15 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

16.     In direct violation of §15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**ANSWER:** The allegations of Paragraph 16 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

### III.     Plaintiff Ronesha Smith's Experience

17.     Jimmy John's, Inc. ("Jimmy John") is a nationwide fast food franchisor. Jimmy John's mandates the use of Defendant's point-of-sale system as a franchise requirement.

**ANSWER:** Defendant admits that Jimmy John's is a fast food franchisor. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 17 and therefore denies same.

18.     From approximately July 2019 through September 2019, Plaintiff was employed by a Jimmy John's franchised restaurant in Evergreen Park, Illinois (the "Evergreen Park Facility").

**ANSWER:** Defendant admits that Jimmy John's is a fast food franchisor. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 18 and therefore denies same.

269273341v.1

19.     During the course of Plaintiff's employment at the Evergreen Park Facility, Defendant, through its point-of-sale system, scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

**ANSWER:     Defendant denies that it scanned, collected and/or stored Plaintiff's fingerprints or digital copies of same in an electronic database. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 19 and therefore denies same.**

20.     Plaintiff used her fingerprint to clock in and clock out of the Evergreen Park Facility on a daily basis during her employment. Plaintiff was required to place her finger on a fingerprint scanner, which scanned, collected and stored her fingerprint each time she attempted to clock in and clock out of work at the Evergreen Park Facility.  Defendant's sophisticated fingerprint matching technology then compared Plaintiff's scanned fingerprint against the fingerprints previously stored in Defendant's fingerprint database, at which point Plaintiff was able to clock in and clock out of work at Defendant's Evergreen Park Facility.

**ANSWER:     Defendant denies that it scanned, collected, or stored Plaintiff's fingerprints in a fingerprint database, and further denies that its fingerprint technology compared Plaintiff's scanned fingerprint against fingerprints previously stored in a fingerprint database. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 20 and therefore denies same.**

21.     Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of her unique biometric identifiers or biometric information.

**ANSWER:     Defendant denies that it collected or stored Plaintiff's unique biometric identifiers or biometric information and therefore denies that Plaintiff's consent, agreement or permission was required.**

22.     Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique, biometric identifiers or biometric information.

8

269273341v.1

**ANSWER:** **Defendant denies that it collected or stored Plaintiff's unique biometric identifiers or biometric information and therefore denies that it was required to provide to or receive from Plaintiff a written release.**

23.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers or biometric information.

**ANSWER:** **Defendant denies that it collected, stored or used Plaintiff's unique biometric identifiers or biometric information, and therefore denies that it was required to provide Plaintiff with statutory disclosures or an opportunity to prohibit or prevent such collection, storage or use of her biometrics.**

24.     By collecting Plaintiff's unique biometric identifiers or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to maintain control over her biometrics.

**ANSWER: Defendant denies that it collected Plaintiff's unique biometric identifiers or biometric information and therefore denies that it was required to receive her consent and denies the remaining allegations of Paragraph 24.**

25.     Finally, Defendant never provided plaintiff with a retention schedule and/or guidelines for permanently destroying her biometric identifiers and biometric information.

**ANSWER:** **Defendant was not in possession of biometric identifier and biometric information and therefore denies that it was required to provide Plaintiff with a retention schedule or guidelines for permanently destroying same.**

## CLASS ALLEGATIONS

26.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows: (the "Class"):

> All individuals who had their .fingerprints collected, captured, received, or otherwise obtained; and/or stored, by Defendant in Illinois.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in

9

which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff s counsel and Defendant's counsel; and (6) the legal representatives, successors and assigns of any such excluded persons.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action as a putative class action but denies the existence of a class and further denies the allegations of Paragraph 26.**

27.    **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to be an amount to at least hundreds and possibly thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly; utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

**ANSWER:** **Defendant denies the allegations of Paragraph 27.**

28.    **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2) there are well-defined common questions of fact and law that exist as to all members the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances any class member include, but are not limited to, the following:

(a)    Whether Defendant Collected or otherwise obtained Plaintiff's and the Class's fingerprints;

10

(b)     whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(c)     whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers, or biometric information;

(d)     whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(e)     whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f)     whether Plaintiff's and the Class's biometric information that Defendant collected was capable of identifying them; and

(g)     whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

**RESPONSE: Defendant denies the allegations of Paragraph 28.**

29.     **Adequate Representation:** Pursuant to 735 1LCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this

11

Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

> **ANSWER:** **Defendant denies the allegations of Paragraph 29.**

30. **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Cass could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous eases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

> **ANSWER:** **Defendant denies the allegations of Paragraph 30.**

### FIRST CAUSE OF ACTION
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

> **ANSWER:** **Defendant incorporates the foregoing actions as if fully set forth in this Paragraph 31.**

32. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customers' biometric identifiers or biometrics information, unless it first: (1) informs the subject . . . in writing that a

12

biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

> **ANSWER:** **The cited provisions of BIPA speak for themselves. Defendant denies the allegations of Paragraph 32 to the extent they do not accurately recite the cited provisions of BIPA.**

33.     Defendant is a corporation and thus qualifies as a "private entity" under BIPA.

*See* 740 ILCS 14/10.

> **ANSWER:** **Defendant admits the allegation of Paragraph 33.**

34.     Plaintiff and the Class members are individuals who had their fingerprints, i.e.,

"biometric identifiers," collected and stored by Defendant. *See* 140 ILCS 14/10.

> **ANSWER:** **Defendant denies the allegations of Paragraph 34.**

35.     Plaintiff and the Class members are individuals, who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' fingerprints, that uniquely identifies the individual to whom a particular fingerprint belongs.

> **ANSWER:** **Defendant denies the allegations of Paragraph 35.**

36.     Defendant systematically collected, used, and stored Plaintiffs and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

> **ANSWER:** **Defendant denies the allegations of Paragraph 36.**

37.      In fact, Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise

obtained, nor did Defendant inform Plaintiff or the Class Members in writing of the specific purpose

and length of term for which their biometric identifiers and/or biometric information was being

collected, stored, and used, as required by 740 ILCS .14/15(b)(1)-(2).

**ANSWER:** **Defendant denies that it collected, stored or otherwise used biometric identifiers and/or biometric information of Plaintiff or the putative class and therefore denies the allegations of Paragraph 37.**

38.     In addition, Defendant does not publicly provide a retention schedule, or

guidelines for permanently destroying the biometric identifiers and/or biometric information of

Plaintiff or the Class members, as required by BIPA.  *See* 740 ILC 14/15(a).  The failure by

Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for

permanently destroying Plaintiff's or the Class members' biometric identifiers or Biometric

information constitutes an independent violation of the statute.

**ANSWER:** **Defendant denies that it is in possession biometric identifiers and/or biometric information of Plaintiff or the putative class and therefore denies that it was required to publicly provide a retention schedule or guidelines for permanently destroying same.  The remaining allegations of Paragraph 38 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.**

39.     Each instance in which Defendant collected, stored, used, or otherwise obtained

Plaintiff's and/or the Class's biometric identifiers and biometric information as described herein

constitutes a separate violation of the statute and of the right of Plaintiff and each Class member to

maintain control over these biometric identifiers and biometric information, as set forth in BIPA,

740 ILCS 14/1, *et al.*

**ANSWER:** **Defendant denies that it collected, stored, used or otherwise obtained biometric identifiers and/or biometric information of Plaintiff or the putative class and therefore denies the allegations of Paragraph 39.  Further answering, the remaining allegations of Paragraph 39 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies same.**

14

40. On behalf of herself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**ANSWER:** **Defendant denies that Plaintiff and the putative class are entitled to the relief sought in Paragraph 40 or any other relief.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, Signature Systems, Inc., through its attorneys, for its Affirmative and Other Defenses to Plaintiff's Complaint, state as follows:

## FIRST DEFENSE
### (Extraterritoriality/Dormant Commerce Clause/Commercial Free Speech)

Plaintiff's and each putative class member's claims are barred in whole or in part to the extent they require the extraterritorial application of BIPA and/or violate the Dormant Commerce Clause where the alleged violations occurred outside of the State of Illinois such that enforcement of the statute against Defendant would impermissibly regulate and control commercial activity beyond state boundaries. Moreover, in regulating the commercial exchange of information in private hands and requiring significant disclosures, BIPA infringes First Amendment protections of commercial speech and against compelled speech.

269273341v.1

**SECOND DEFENSE**
**(Traceability and Redressability)**

Plaintiff's and each putative class member's claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA or negligence, and the relief sought would not redress any such injury. Plaintiffs claim that Defendant's alleged noncompliance with BIPA's disregarded their privacy rights. Yet, strict compliance with the statute (including obtaining advance written consent for the collection, storage, and use of such data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiffs or any putative class member from knowingly and voluntarily using their respective employers' timeclocks and finger scan devices and therefore, would not have prevented the collection, storage, and use of any such data or otherwise mitigate against such purported injuries.

**THIRD DEFENSE**
**(Good Faith and Substantial Compliance)**

The claims are barred in whole or in part because Defendant is not in possession of "biometric identifiers" or "biometric information" as defined by BIPA. To the extent BIPA applies to the components sold by Defendant to its customers, the claims are barred in whole or in part based on Defendant's good faith and reasonable interpretation of BIPA, substantial compliance therewith, and/or absence of any intentional, reckless, or negligent violation of the statute.

**FOURTH DEFENSE**
**(Statute of Limitations)**

Each putative class member's claims may be barred in whole or in part to the extent time-barred by the applicable one-year statute of limitations for publication of matter violating a right of privacy (735 ILCS 5/13- 201), two-year statute of limitations to recover damages for injury to

16

person or for a statutory penalty (735 ILCS 5/13-202), and/or five-year statute of limitations for civil actions not otherwise subject to a limitations period (735 ILCS 5/13-205).

## FIFTH DEFENSE
### (Estoppel, Waiver, Consent, Ratification, and Acquiescence)

The claims are barred in whole or in part under the doctrines of estoppel, waiver, ratification, and acquiescence. Plaintiffs and each putative class member actually or constructively consented and agreed, either expressly or impliedly, or through a legally-authorized representative or otherwise, to the non-invasive use of Defendant' point-of-sale system, without threat, coercion or compulsion, as part of the timekeeping procedures implemented by each putative plaintiff's employer, and continued to voluntarily use the finger-scanning devices with knowledge of their operation.

## SIXTH DEFENSE
### (Due Process)

Plaintiff's claims are barred, in whole or in part, because the damages sought by Plaintiff and the putative class are barred under the Due Process Clause of the Illinois and United States Constitutions. The Complaint seeks liquidated damages for each alleged BIPA violation are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and the putative class members, and therefore any award of liquidated damages to the Plaintiff or putative class members would violate Signature Systems' due process rights.

## SEVENTH DEFENSE
### (Lack of Conduct to Implicate BIPA)

Plaintiff's claims are barred, in whole or in part, because Signature Systems did not retain, store, collect, possess, capture, purchase, receive through trade, disclose or otherwise obtain biometric identifiers or biometric information as defined under BIPA.

269273341v.1

## EIGHTH DEFENSE
### (Good Faith)

Plaintiff's claims are barred, in whole or in part, by Signature Systems' good faith, and the

absence of negligent, intentional, or reckless conduct.

## NINTH DEFENSE
### (Rule 11)

Plaintiff's claims are unwarranted by existing law and have no reasonable basis in fact, and

are frivolous, legally unreasonable, without factual foundation, or asserted for an improper

purpose, in violation of Federal Rule of Civil Procedure 11.

## TENTH DEFENSE
### (Laches)

The Complaint is barred in whole or in part by the doctrine of laches.

WHEREFORE, Defendant, Signature Systems, Inc., requests that this Court enter judgment in

its favor and against Plaintiff and award it all other relief that it deems just and equitable.


Respectfully submitted,

**Signature Systems, Inc., Defendant**

By: Lisa Handler Ackerman


Lisa Handler Ackerman
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Telephone: (312) 821-6144
Facsimile: (312) 704-1522
lisa.ackerman@wilsonelser.com

18

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 28, 2022, she caused the foregoing pleading to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

*/s/ Lisa Handler Ackerman*

19

269273341v.1